**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ismael FRANCO–ISLAS, also known as Ismael Islas Franco, also known Ismael Oslas, also known as Hugo Franco, Defendant–Appellant.**

**No. 05–20927
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before REAVLEY, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM: *

Ismael Franco–Islas appeals his conviction for unlawful presence in the United States after deportation following an aggravated felony conviction and his sentence.

He argues that his 1995 conviction under California Penal Code § 245(a)(1) does not constitute an "aggravated assault," and hence, an enumerated "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). This court recently held that California Penal Code § 245(a)(1) qualifies as an "aggravated assault" within the meaning of the comment to § 2L1.2, and thus it is an enumerated offense. *United States v. Sanchez–Ruedas*, 452 F.3d 409, 412–14 (5th Cir. 2006); *United States v. Robles–Enriquez*, 194 Fed.Appx. 189, 190–91 (5th Cir.2006). We are bound by precedent, and therefore, the enhancement must be upheld.

Franco–Islas also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Franco–Islas' constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Franco–Islas contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163

---

L.Ed.2d 260 (2005). Franco–Islas properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AND JUDGMENT AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.